GREGORY B. KOLTUN (CA SBN 130454)
GKoltun@mofo.com
WENDY J. RAY (CA SBN 226269)
WRay@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California  90017-3543
Telephone:  213.892.5200
Facsimile:   213.892.5454

JENNIFER LEE TAYLOR (CA SBN 161368)
JTaylor@mofo.com
ESTHER KIM CHANG (CA SBN 258024)
EChang@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105
Telephone:  415.268.7000
Facsimile:   415.268.7522

Attorneys for Plaintiffs
UNITED PARCEL SERVICE, INC., and UNITED
PARCEL SERVICE OF AMERICA, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| UNITED PARCEL SERVICE, INC., and UNITED PARCEL SERVICE OF AMERICA, INC., | Case No. 5:19-CV-284 |
|---|---|
| Plaintiffs, | **COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADEMARK DILUTION, FALSE DESIGNATION OF ORIGIN, FALSE ADVERTISING, UNFAIR BUSINESS PRACTICES, AND INJUNCTIVE RELIEF** |
| v. | |
| BRENDON KENNEDY, MAYUMI KENNEDY, UNITED POT SMOKERS, UPS420,THCPLANT, and DOES 1-10, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

1    Plaintiffs United Parcel Service, Inc. ("UPS, Inc."), and United Parcel

2  Service of America, Inc. ("UPS America," and collectively with UPS, Inc., "UPS")

3  allege as follows:

4                              **INTRODUCTION**

5    1.    This is an action by UPS against Defendants Brendon Kennedy,

6  Mayumi Kennedy, United Pot Smokers, UPS420, THCPlant, and Does 1-10

7  (collectively, "Defendants") for federal trademark infringement, federal false

8  designation of origin, federal trademark dilution, state trademark infringement, state

9  trademark dilution, state unfair competition, state unfair business practices, state

10  false advertising, and common law trademark infringement.  These claims are

11  brought in connection with Defendants' use of "UPS"—alone and in combination

12  with a logo—which are confusingly similar to UPS's marks.  Defendants'

13  intentional use of marketing and branding elements confusingly similar to

14  UPS's trademarks violates Sections 32 and 43 of the Lanham Act,

15  15 U.S.C. §§ 1051-1127, California Business & Professions Code §§ 14330 *et seq.*,

16  17200 *et seq.*, 17500 *et seq.*, and common law.  UPS seeks injunctive and monetary

17  relief.

18                              **THE PARTIES**

19    2.    UPS, Inc. is a corporation duly incorporated and existing under the

20  laws of the State of Delaware with a principal place of business at 55 Glenlake

21  Parkway NE, Atlanta, Georgia 30328.  UPS, Inc. is a global leader in logistics,

22  offering a broad range of solutions including transporting packages and freight,

23  facilitating international trade, and deploying advanced technology to more

24  efficiently manage the world of business.

25    3.    UPS America is a wholly owned subsidiary of UPS, Inc.  UPS

26  America is a corporation duly incorporated and existing under the laws of the State

27  of Delaware with a principal place of business at 55 Glenlake Parkway NE, Atlanta,

28

COMPLAINT FOR TRADEMARK INFRINGEMENT        1
sf-3967822

Georgia 30328.  UPS America owns the UPS® and UPS® Shield trademarks, as described below.

4.      On information and belief, Defendant Brendon Kennedy is an individual residing at 1825½ Balboa, Newport Beach, California 92663.

5.      On information and belief, Defendant Mayumi Kennedy is an individual residing at 1825½ Balboa, Newport Beach, California 92663.

6.      On information and belief, Defendant United Pot Smokers is an unincorporated association of which Brendon and Mayumi Kennedy are members with a principal place of business at 10134 6th Street, Rancho Cucamonga, California 91730.

7.      On information and belief, Defendant UPS420 is an unincorporated association of which Brendon and Mayumi Kennedy are members with a principal place of business at 10134 6th Street, Rancho Cucamonga, California 91730.

8.      On information and belief, Defendant THCPlant is an unincorporated association of which Brendon and Mayumi Kennedy are members with a principal place of business at 10134 6th Street, Rancho Cucamonga, California 91730.

9.      UPS is ignorant of the true names and capacities of the Defendants sued under the fictitious names of Does 1-10 except that UPS is informed and believes that the harm alleged herein was proximately caused by these Defendants' wrongful acts in concert with the other Defendants.  Therefore, UPS sues these Defendants by fictitious names and will amend this complaint to allege their true names and capacities when ascertained.

## **JURISDICTION**

10.      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 (action arising under the Lanham Act); 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1338(a) (any Act of Congress relating to trademarks); and 28 U.S.C. § 1367 (supplemental jurisdiction).

11.    Defendants are subject to personal jurisdiction in this District because Defendants reside in and conduct business transactions within this District and such conduct has caused injury to UPS in this District.

12.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) because, on information and belief, Defendants reside in and regularly transact business within this District and their conduct in this District constitutes a substantial part of the events giving rise to UPS's complaint.  Further, UPS has suffered harm in this District, and the Lanham Act provides that venue lies in the place of harm to the plaintiff.

## GENERAL ALLEGATIONS
### UPS's Famous Marks and Strong Reputation

13.    Founded in 1907 as a private messenger and delivery service, UPS is a global leader in logistics, offering a broad range of solutions, including transporting packages and freight, facilitating international trade, and deploying advanced technology to more efficiently manage the world of business.  UPS has over 454,000 employees and is the world's largest package delivery company.  In 2017 alone, UPS delivered over 5.1 *billion* packages and letters.  UPS is committed to customer service and continually seeks innovations and improvements to ensure customer satisfaction and the integrity of its business.

14.    Since at least as early as 1933, UPS has marketed and promoted its package delivery services in interstate commerce using its distinctive family of UNITED PARCEL SERVICE® and UPS® marks as well as a shield logo.

15.    UPS America owns dozens of federal and state trademark and service mark registrations for marks that incorporate the name or designation "UPS" (collectively, the "UPS® Mark"), including but not limited to **U.S. Registration No. 966,774** (covering "transportation of personal property for hire by diverse modes of transportation"), attached as Exhibit A; **U.S. Registration No. 2,491,124** (covering "air transportation services, namely, transportation of passengers and

personal property by air"), attached as Exhibit B; and **U.S. Registration No. 2,517,938** (covering "business management consultation provided to the general public…"), attached as Exhibit C.  UPS America also owns **California State Registration No. 56,512**, attached as Exhibit D, which was registered on August 1, 2002.

16.     Pursuant to 15 U.S.C. § 1115(b), each of these federal registrations is incontestable as a matter of law.  As such, the certificates of registration are conclusive evidence of: UPS America's ownership of the UPS® Mark, the validity of the registrations, and UPS America's exclusive right to use the UPS® Mark in connection with the registered goods and services.

17.     Central to the UPS® family of marks is the UPS® Shield mark (the "UPS® Shield Logo"), depicted here:



18.     UPS America owns the federal service mark and trademark registrations for the UPS® Shield Logo, including **U.S. Registration Nos. 2,868,000** and **2,867,999** (both covering "[f]reight forwarding; packaging articles for transportation; transportation and delivery of personal property by air, rail, boat and motor vehicle; warehousing, storage, packing, delivery and returns with respect to the foregoing; arranging ship charters for others; document box rental, document forwarding and receipt and delivery of documents for others"), attached as Exhibits E and F, respectively, and **U.S. Registration Nos. 2,981,794** and **2,973,108** (both covering "[c]omputer hardware and computer software in the field of transportation and delivery and in connection with worldwide pick-up,

tracing and delivery"; "logistics management in the field of transportation and delivery; business management services; business consulting services;" and "[c]lothing, namely, hats, shorts, sweaters, jackets, socks, coats, t-shirts, pants, shirts, vests, sweatshirts, rainwear, footwear and gloves"), attached as Exhibits G and H, respectively.

19.    Pursuant to 15 U.S.C. § 1115(b), each of these federal registrations is also incontestable as a matter of law.  As such, the certificates of registration are conclusive evidence of: UPS America's ownership of the UPS® Shield Logo, the validity of the registrations, and UPS America's exclusive right to use the UPS® Shield Logo in connection with the registered goods and services.

20.    UPS has continuously provided its transportation and freight services, as well as other related services, using the UPS® Mark and a shield logo since at least 1933, and using the current registered UPS® Shield Logo since at least 2003. The UPS® Mark and UPS® Shield Logo are famous marks as defined in 15 U.S.C. § 1125(c).  All UPS employees worldwide who have routine contact with UPS's customers and the general public wear uniforms displaying the UPS® Shield Logo. In addition, approximately 119,000 package cars, vans, tractors, and motorcycles owned or operated by UPS in the ordinary conduct of its business, including delivery trucks and airplanes, bear the UPS® Shield Logo.  Further, the UPS® Shield Logo is displayed on UPS's website at www.ups.com, at over 5,000 locations of The UPS Store, at over 1,000 UPS Customer Centers, at approximately 8,500 authorized UPS outlets, at over 28,000 UPS Access Point locations, and on approximately 41,000 UPS Drop Boxes.

21.    The UPS® Mark and UPS® Shield Logo promote the public image that UPS has earned over decades of reliable service to its customers, namely, that it is a coordinated, highly professional, efficient organization providing cost-effective logistics services around the world, in the United States, and in this District.

22.     UPS has expended considerable effort in promoting and establishing recognition of the UPS® Mark and UPS® Shield Logo.  UPS has invested hundreds of millions of dollars to advertise and promote its services, including advertisements and promotions on national and local television, on radio broadcasts, in print and social media, on the internet, and in connection with important events.  For example, UPS was an official sponsor at a number of recent Olympic Games and, until 2017, of the NCAA Division I Men's Basketball Tournament.  UPS is also an official sponsor of a wide variety of sporting events and teams, including PGA golf tournaments, Formula 1 racing teams, and college sports teams.

23.     As a direct consequence of the care and skill exercised by UPS in offering and furnishing its services, the quality of the services provided under its distinctive family of marks, including the UPS® Mark, the UPS® Shield Logo, and all other marks owned and registered by UPS America with the state and federal government (collectively, the "UPS® Family of Marks") and the extensive advertising, promotion, and sale of UPS's goods and services, the UPS® Family of Marks has acquired an outstanding recognition, symbolizing the substantial and material goodwill that UPS has established throughout the world, in the United States, and in this District for more than a century.  Accordingly, the UPS® Family of Marks is a valuable asset of UPS.

24.     Further, as a result of UPS's extensive advertising, promotion, and sale of goods and services under the UPS® Family of Marks and its longstanding use of the UPS® Mark and the UPS® Shield Logo, the UPS® Mark and UPS® Shield Logo are widely recognized by the general consuming public of the United States as designating UPS as the source of the goods and services that it provides.  Accordingly, the UPS® Mark and UPS® Shield Logo are famous pursuant to 15 U.S.C. § 1125(c).

**Defendants' Acts of Willful Infringement and Dilution**

25.     Defendants, without UPS's authorization, recently began marketing and selling cannabis products and offering delivery and logistics services using trade names and trademarks incorporating and intending to trade on the UPS® Family of Marks.  Specifically, on information and belief, Defendants own and operate the websites at www.UPS.green and www.UPS420.com.

26.     The website UPS.green describes itself as a "nationwide logistics expeditor" and "operational courier" that specializes in "Time Critical Ground Services," "Real-Time, Online Shipment Tracking," and "Expedited-Freight Services" "Between all Points in the US and Canada."  The UPS.green website states that the copyright in the website is owned by "UnitedPotSmokers."  It lists 10134 6th Street, Rancho Cucamonga, California 91730 as the physical address. On information and belief, 10134 6th Street, Rancho Cucamonga, California 91730 is the address for unrelated businesses.  The ICANN WHOIS Lookup database (available at https://whois.icann.org/en), which contains information about domain name registrants, identifies Defendant THCPlant as the registrant for the UPS.green domain name.  The UPS.green website also contains a hyperlink for the phrase "Cannabis Plants & Genetics" that directs users to the website UPS420.com.  The domain name THCPlant.com also redirects to the website UPS420.com.

27.     UPS420.com purports to offer cannabis products for sale and delivery. The website states that "UPS420 securely packs & ships to ALL 50 states of domestic USA," including those in which cannabis use is not authorized by law for medical or recreational use.  UPS420.com also features a "Grow Ops Consulting Services" page stating that "UPS420 offers business class transportation of our products and services to our California business clientele" and lists consulting among the business services it provides.  The website features a "Policy" page that describes the "UPS420.com patient collective and affiliates" as a

"California-incorporated, Non-Profit collective of medical marijuana patients" that is "Operating with current Not-for-Profit Status legally in California."

28.    The UPS420.com website states that the copyright in the website is owned by "UNITEDPOTSMOKER.COM," which is a hyperlink.  That hyperlink redirects users back to another page on the UPS420.com website.  The UPS420.com website lists several addresses on its contacts page, including the 10134 6th Street, Rancho Cucamonga, California 91730 address.  Yelp.com, a website that collects user reviews of businesses, has a listing for "UPS420 Cannabis Nursery and Delivery," also with an address at 10134 6th Street, Rancho Cucamonga, California 91730.

29.    The California Secretary of State online business entity search tool contains no listings for any entity licensed as a corporation or limited liability company containing the words: "UPS420," "UPS.green," "THCPlant," or "United Pot Smokers."  The California Bureau of Cannabis Control website likewise does not list any licenses for entities with these or similar names.

30.    In addition to the inclusion of the UPS® Mark in its name and URL, the website UPS.green prominently features the following logo containing the UPS® Mark:



31.    Similarly, in addition to the inclusion of the UPS® Mark in its name and URL, the website UPS420.com prominently displays the following logo containing the UPS® Mark and copying the UPS® Shield Logo, including the distinctive arching band at the top of the logo:



**Irreparable Harm to UPS**

32.     UPS has not consented to the use of the UPS® Mark and UPS® Shield Logo by Defendants or any persons or entities affiliated with Defendants, nor does UPS in any way sponsor, endorse, or approve of Defendants' operations.

33.     Defendants' unauthorized use of the famous UPS® Mark and UPS® Shield Logo is likely to cause confusion, mistake, or deception as to the origin, source, and sponsorship of Defendants' products and services.

34.     Possessing and shipping cannabis products is prohibited under federal law, even though it may be legal under the laws of several states.  UPS complies with all federal law and thus has a company policy that prohibits knowingly shipping cannabis products.  Defendants' use of the famous UPS® Mark and UPS® Shield Logo for selling and shipping cannabis products in violation of state and federal laws has harmed and is continuing to harm UPS's valuable reputation and goodwill with respect to its UPS® Family of Marks, as consumers are likely to associate Defendants' illegal activities with UPS.  This association is likely to dilute the UPS® Mark and UPS® Shield Logo through both tarnishment and blurring.

35.     In addition, Defendants have acquired a reputation for unlawful and unprofessional conduct, including offering sham services—all under the UPS® Mark and UPS® Shield Logo.  For example, the website www.ripoffreport.com describes UPS420 and other cannabis related businesses

associated with Defendants Brendon and Mayumi Kennedy as follows, review

attached as Exhibit I:

> Ups420.com is one of several unlicensed scam websites operated by Brendon and Mayumi Kennedy and set up to defraud medical marijuana patients. Brendon has been ripping off Southern California medical marijuana patients since 2011 under various names, most notably Clone Queen Genetics and THCplant.com. In 2013, Brendon Kennedy and Clone Queen Genetics were banned from doing business in the state of California by the California Secretary of States [sic] office for failure to pay taxes. After several years of negativite [sic] reviews and complaints from patients over the products received from Brendon Kennedy and his unlicensed sham companies, Brendon has begun operating his cannabis clone scam business under a host of new names: UPS420.com, Googleweed.com, OG9.com, OG Hydro and Delivery and several more. All of these entities are unlicensed, and Brendon uses a fake business address in Rancho Cucamonga to hide from the hundreds and hundreds of medical patients he has defrauded.

36.     Defendants' actions have injured and are likely to continue to injure

UPS by creating a risk that consumers will wrongly or mistakenly associate UPS

with Defendants' reputation for unlawful and unprofessional conduct. Further,

Defendants' actions have injured and are likely to continue to injure UPS by

tarnishing the famous UPS® Family of Marks.

37.     Defendants clearly knew of the UPS® Family of Marks because they

intentionally copied the UPS® Shield Logo on the UPS420.com website. By using

the UPS® Mark and UPS® Shield Logo for their cannabis-related sales, logistics,

and delivery services, Defendants intended to capitalize off UPS's extensive

goodwill and reputation. Although UPS sent Defendants cease-and-desist letters on

August 6, September 9, and November 12, 2018, Defendants failed to respond to

any of these letters and continue to willfully infringe and dilute the famous UPS®

Family of Marks.

38.     Before filing this action, UPS informed Defendants of its intent to file

the claims asserted herein and to seek provisional and injunctive relief on February

12, 2019.  In response, on February 12, 2019, Defendants called UPS's counsel and stated that they intended to continue operate using the UPS420.com domain name. After UPS informed Defendants that it would take immediate legal action against them, the UPS420.com website became inaccessible to UPS and its counsel. Defendants have not expressed intent to permanently cease using the UPS420.com domain name.  The UPS.green domain name remains fully accessible and operational.

39.     Defendants' conduct is continuing and will continue unless restrained by the Court.  Unless Defendants are enjoined from engaging in the infringing and diluting conduct described above, UPS will suffer irreparable injury and further harm.  UPS has no adequate remedy at law for Defendants' continuing violation of its rights as set forth above.

## FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement in Violation of 15 U.S.C. § 1114)

40.     UPS incorporates by reference the allegations in Paragraphs 1 through 39 as if fully set forth herein.

41.     UPS owns valid and enforceable federal registrations for the UPS® Mark and UPS® Shield Logo, which it has used in commerce for decades and since well before Defendants' wrongful conduct.

42.     Defendants were aware of and copied the famous UPS® Mark and UPS® Shield Logo for use in connection with their businesses, intending to cause consumers to confuse or mistake the source of Defendants' goods and services.

43.     Defendants' wrongful acts, as alleged above, on information and belief, have caused confusion or mistake and are likely to continue to cause confusion and mistake as to the source, sponsorship, endorsement, or affiliation of Defendant's conduct and as such, constitute infringement of UPS's rights in the UPS® Family of Marks, in violation of 15 U.S.C. § 1114.

44.    Defendants' wrongful acts, as alleged above, have permitted or will permit them to make substantial sales and profits on the strength of UPS's nationwide and international marketing, advertising, sales, and consumer recognition.

45.    As a direct and proximate result of Defendants' wrongful conduct, UPS has been and will be deprived of the value of the UPS® Family of Marks as a commercial asset.

46.    As a direct and proximate result of Defendants' wrongful conduct, UPS has been injured by Defendants' wrongful acts, and such harm will continue unless Defendants' acts are enjoined by the Court.  UPS has no adequate remedy at law for Defendants' continuing violation of its rights as set forth above.

## SECOND CLAIM FOR RELIEF

### (Federal Trademark Dilution in Violation of 15 U.S.C. § 1125(c))

47.    UPS incorporates by reference the allegations in Paragraphs 1 through 46 as if fully set forth herein.

48.    UPS owns valid and enforceable rights in the UPS® Family of Marks, which it has used in commerce for decades and since well before Defendants' wrongful conduct.

49.    The UPS® Family of Marks is famous and was famous prior to Defendants' wrongful conduct, namely their wrongful use of the UPS® Mark and UPS® Shield Logo in connection with their businesses.

50.    Defendants were aware of and copied the famous UPS® Mark and UPS® Shield Logo for use in connection with their businesses, intending to associate their businesses with UPS, the UPS® Mark, and the UPS® Shield Logo and to trade on UPS's reputation.

51.    Defendants' wrongful acts, as alleged above, have created—and unless enjoined—will continue to create an unwholesome, unsavory, and degrading association between Defendants' services and UPS.

52.     Defendants' wrongful acts, as alleged above, have diluted and will continue to dilute the UPS® Family of Marks through both tarnishment and blurring in violation of 15 U.S.C. § 1125(c).

53.     Defendants' wrongful acts, as alleged above, have permitted or will permit them to make substantial sales and profits on the strength of UPS's nationwide and international marketing, advertising, sales, and consumer recognition.

54.     As a direct and proximate result of Defendants' wrongful conduct, UPS has been and will be deprived of the value of the UPS® Family of Marks as a commercial asset.

55.     As a direct and proximate result of Defendants' wrongful conduct, UPS has been injured by Defendants' wrongful acts, and such harm will continue unless Defendants' acts are enjoined by the Court.  UPS has no adequate remedy at law for Defendants' continuing violation of its rights as set forth above.

## THIRD CLAIM FOR RELIEF

### (False Designation of Origin in Violation of 15 U.S.C. § 1125(a))

56.     UPS incorporates by reference the allegations in Paragraphs 1 through 55 as if fully set forth herein.

57.     UPS owns valid and enforceable rights in the UPS® Family of Marks, which it has used in commerce for decades and since well before Defendants' wrongful conduct.

58.     Defendants were aware of and copied the famous UPS® Mark and UPS® Shield Logo for use in connection with their businesses, intending to cause consumers to confuse or mistake the source of Defendants' goods and services.

59.     The above acts of Defendants constitute false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

60.     Defendants' wrongful acts have permitted or will permit them to make substantial sales and profits on the strength of UPS's substantial nationwide advertising, sales, consumer recognition, and goodwill.

61.     As a direct and proximate result of Defendants' wrongful conduct, UPS has been and will be deprived of the value of its UPS® Family of Marks as a commercial asset.

62.     As a direct and proximate result of Defendants' wrongful conduct, UPS has been damaged, and such damage will continue unless Defendants' acts are enjoined by the Court.  UPS has no adequate remedy at law for Defendants' continuing violation of UPS's rights.

## **FOURTH CLAIM FOR RELIEF**

### **(State Trademark Infringement in Violation of California Business & Professions Code § 14335)**

63.     UPS incorporates by reference the allegations in Paragraphs 1 through 62 as if fully set forth herein.

64.     UPS owns a California state registration for the UPS® Mark, Registration No. 56,512, as well as valid and enforceable rights in the UPS® Family of Marks, which it has used in commerce for decades and since well before Defendants' wrongful conduct.

65.     Defendants were aware of and copied the UPS® Mark and UPS® Shield Logo for use in connection with their businesses, intending to cause consumers to confuse or mistake the source of Defendants' goods and services.

66.     Defendants' wrongful acts, as alleged above, on information and belief, have caused confusion or mistake and are likely to continue to cause confusion and mistake as to the source, sponsorship, endorsement, or affiliation of Defendant's conduct and as such, constitute infringement of UPS's rights in the UPS® Family of Marks, in violation of California Business & Professions Code Section 14335.

67.     Defendants' wrongful acts, as alleged above, have permitted or will permit them to make substantial sales and profits on the strength of UPS's nationwide and international marketing, advertising, sales, and consumer recognition.

68.     As a direct and proximate result of Defendants' wrongful conduct, UPS has been and will be deprived of the value of the UPS® Family of Marks as a commercial asset.

69.     As a direct and proximate result of Defendants' wrongful conduct, UPS has been injured by Defendants' wrongful acts, and such harm will continue unless Defendants' acts are enjoined by the Court.  UPS has no adequate remedy at law for Defendants' continuing violation of its rights as set forth above.

## FIFTH CLAIM FOR RELIEF

### (State Trademark Dilution in Violation of
### California Business & Professions Code § 14330)

70.     UPS incorporates by reference the allegations in Paragraphs 1 through 69 as if fully set forth herein.

71.     UPS owns a California state registration for the UPS® Mark, Registration No. 56,512, as well as valid and enforceable rights in the UPS® Family of Marks, which it has used in commerce for decades and since well before Defendants' wrongful conduct.

72.     The UPS® Family of Marks is famous and was famous prior to Defendants' complained of wrongful conduct, namely their wrongful use of the UPS® Mark and UPS® Shield Logo in connection with their businesses.

73.     Defendants were aware of and copied the famous UPS® Mark and UPS® Shield Logo for use in connection with their businesses, intending to associate their businesses with UPS and the UPS® Mark and UPS® Shield Logo and to trade on UPS's reputation.

74.     Defendants' wrongful acts, as alleged above, have created—and unless enjoined—will continue to create an unwholesome, unsavory, and degrading association between Defendants' services and UPS.

75.     Defendants' wrongful acts, as alleged above, have diluted and tarnished the distinctive qualities of the UPS® Family of Marks and are likely to cause injury to the business reputation of UPS in violation of California Business and Professions Code Section 14330.

76.     Defendants' wrongful acts, as alleged above, have permitted or will permit them to make substantial sales and profits on the strength of UPS's extensive advertising, marketing, sales, and consumer recognition.

77.     As a direct and proximate result of Defendants' wrongful conduct, UPS has been and will be deprived of the value of the UPS® Family of Marks as a commercial asset.

78.     As a direct and proximate result of Defendants' wrongful conduct, UPS has been injured by Defendants' wrongful acts, and such harm will continue unless Defendants' acts are enjoined by the Court.  UPS has no adequate remedy at law for Defendants' continuing violations of UPS's rights.

## SIXTH CLAIM FOR RELIEF

### (Deceptive, False and Misleading Advertising in Violation of California Business & Professions Code § 17500)

79.     UPS incorporates by reference the allegations in Paragraphs 1 through 78 as if fully set forth herein.

80.     The above-described acts of Defendants constitute untrue and misleading advertising as defined by California Business and Professions Code Section 17500, *et seq.*  The acts of untrue and misleading advertising by Defendants described above present a continuing threat to members of the public who may be led to believe that there is some affiliation between Defendants' conduct and UPS.

81.     Defendants were aware of and copied the famous UPS® Mark and UPS® Shield Logo for use in connection with their businesses, intending to cause consumers to confuse or mistake the source of Defendants' goods and services.

82.     Defendants' wrongful acts have permitted or will permit them to make substantial sales and profits on the strength of UPS's substantial nationwide advertising, sales, consumer recognition, and goodwill.

83.     As a direct and proximate result of Defendants' wrongful conduct, UPS has been and will be deprived of the value of the UPS® Family of Marks as a commercial asset.

84.     As a direct and proximate result of Defendants' wrongful conduct, UPS has been injured, and such harm will continue unless Defendants' acts are enjoined by the Court.  UPS has no adequate remedy at law for Defendants' continuing violation of UPS's rights.

## SEVENTH CLAIM FOR RELIEF

### (Unfair Business Practices in Violation of California Business & Professions Code § 17200)

85.     UPS incorporates by reference the allegations in Paragraphs 1 through 84 as if fully set forth herein.

86.     UPS owns valid and enforceable rights in the UPS® Family of Marks, which it has used in commerce for decades and since well before Defendants' wrongful conduct.

87.     On information and belief, Defendants have intentionally misappropriated UPS's distinctive UPS® Mark and UPS® Shield Logo, and such unauthorized use by Defendants is likely to cause confusion, mistake, and deception as to the source, sponsorship, or affiliation of Defendants' products and services.

88.     Defendant's conduct, described above, constitutes unlawful or fraudulent business acts or practices and as such, constitutes unfair competition under California Business & Professions Code §§ 17200 *et seq*.

89.     Defendants' conduct constitutes unlawful business acts or practices because Defendants have engaged in trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114, dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

90.     Defendants' conduct also constitutes fraudulent business acts or practices because Defendants' trademark infringement and false designation of origin are likely to mislead or deceive and, on information and belief, have, in fact, misled and deceived.

91.     As a direct and proximate result of Defendants' wrongful conduct, UPS has been, is now, and will be irreparably injured and damaged by Defendants' aforementioned acts and unless Defendants are enjoined by the Court, UPS will suffer further harm to its name, reputation, and goodwill.  This harm constitutes an injury for which UPS has no adequate remedy at law.

92.     On information and belief, Defendants have acted with full knowledge of UPS's rights and with the intention to usurp such rights and thus their aforementioned acts are willful and intentional.

93.     Defendants should be required to restore to UPS any and all profits earned as a result of its unlawful or fraudulent business acts or practices or to provide UPS with any other restitutionary relief as the Court deems appropriate.

## EIGHT CLAIM FOR RELIEF
### (Common Law Trademark Infringement)

94.     UPS incorporates by reference the allegations in Paragraphs 1 through 93 as if fully set forth herein.

95.     UPS has valid and existing common law rights with respect to the UPS® Family of Marks, which it has used in commerce for decades and since well before Defendants' wrongful conduct.

96.     Defendants were aware of and copied the famous UPS® Mark and

UPS® Shield Logo for use in connection with their business, intending to cause consumers to confuse or mistake the source of Defendants' goods and services.

97.     Defendants' wrongful acts, as alleged above, on information and belief, have caused confusion or mistake and will continue to cause confusion and mistake as to the source, sponsorship, endorsement, or affiliation of Defendant's conduct and as such, constitute infringement of UPS's common law rights in the UPS® Family of Marks.

98.     Defendants' wrongful acts, as alleged above, have permitted or will permit them to make substantial sales and profits on the strength of UPS's nationwide and international marketing, advertising, sales, goodwill, and consumer recognition.

99.     As a direct and proximate result of Defendants' wrongful conduct, UPS has been and will be deprived of the value of the UPS® Family of Marks as a commercial asset.

100.   As a direct and proximate result of Defendants' wrongful conduct, UPS has been injured by Defendants' wrongful acts, and such harm will continue unless Defendants' acts are enjoined by the Court.  UPS has no adequate remedy at law for Defendants' continuing violation of its rights.

## **PRAYER FOR RELIEF**

WHEREFORE, UPS prays for the following relief:

1.     That Defendants, their members, officers, directors, agents, affiliates, servants, employees, attorneys, and all persons acting in concert with them be preliminarily and permanently enjoined and restrained:

a)  From using, on or in connection with the manufacture, distribution, sale, offering for sale, advertisement, and/or promotion of any products or services, any copy or colorable imitation of the UPS® Family of Marks or any designation confusingly similar thereto,

1   including but not limited to UPS, UPS420, UPS.green and the UPS420
2   shield;

3       b)  From representing directly or indirectly in any manner that
4   Defendants' business, products, or services are UPS's or are in any
5   manner associated with, sponsored, or approved by UPS, or from
6   otherwise taking any action likely to cause confusion, mistake, or
7   deception on the part of purchasers as to the source, origin, or
8   sponsorship of Defendants' business, products, or services;

9       c)  From taking any action, directly or indirectly, that is likely to dilute,
10   blur, or tarnish the distinctive quality of the UPS® Family of Marks or
11   that is likely to harm UPS's reputation; and

12       d)  From otherwise infringing the UPS® Family of Marks, or otherwise
13   competing unfairly with UPS in any manner;

14       2.    That Defendants be required to deliver up to UPS any and all
15   merchandise, products, packaging, promotional material, and any other material
16   bearing any mark, logo, or design confusingly similar to the UPS® Family of
17   Marks, including but not limited to UPS, UPS420, UPS.green and the UPS420
18   shield;

19       3.    That Defendants be required to transfer to UPS ownership and control
20   of the domain names www.UPS.green, www.UPS420.com,
21   www.UnitedPotSmoker.com, and all other domain names under their control that
22   incorporate, reference, or mimic any of the UPS® Family of Marks;

23       4.    That Defendants be required to file with this Court and to serve on
24   UPS within thirty (30) days after the service of the preliminary and permanent
25   injunctions a written report, under oath, setting forth in detail the manner in which
26   Defendants have complied with the foregoing injunctions;

27       5.    For a judgment in the aggregate amount of: (a) Defendants' profits;
28   (b) Plaintiff's actual damages; (c) the costs of this action pursuant to

15 U.S.C. § 1117; and (d) restitution and/or disgorgement of all revenues, earnings, profits, compensation, and benefits that may have been obtained by Defendants as a result of its unlawful and/or fraudulent business acts or practices;

6.     That the Court award enhanced damages under 15 U.S.C. § 1117;

7.     That the Court deem this an exceptional case and award Plaintiff reasonable attorneys' fees; and

8.     That the Court grant such other and further relief as it deems just and proper.

Dated:  February 13, 2019                MORRISON & FOERSTER LLP


                                         By:   _/s/Jennifer Lee Taylor_
                                               Jennifer Lee Taylor

                                               Attorneys for Plaintiffs
                                               UNITED PARCEL SERVICE,
                                               INC., and UNITED PARCEL
                                               SERVICE OF AMERICA, INC.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **JURY DEMAND**

Plaintiffs demand trial by jury.

Dated:  February 13, 2019            MORRISON & FOERSTER LLP


By:   */s/Jennifer Lee Taylor*
      Jennifer Lee Taylor

      Attorneys for Plaintiffs
      UNITED PARCEL SERVICE,
      INC., and UNITED PARCEL
      SERVICE OF AMERICA, INC.