GREGORY B. KOLTUN (CA SBN 130454)
BENJAMIN J. FOX (CA SBN 193374)
NILES A. PIERSON (CA SBN 307115)
Morrison & Foerster LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90017-3543
Telephone: 213.892.5200
Facsimile: 213.892.5454
GKoltun@mofo.com; BFox@mofo.com
NPierson@mofo.com

JENNIFER LEE TAYLOR (CA SBN 161368)
Morrison & Foerster LLP
425 Market Street
San Francisco, California 94105
Telephone: 415.268.7000
Facsimile: 415.268.7522
JTaylor@mofo.com

Attorneys for Plaintiffs
UNITED PARCEL SERVICE, INC., and UNITED
PARCEL SERVICE OF AMERICA, INC.

JS-6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED PARCEL SERVICE, INC., and UNITED PARCEL SERVICE OF AMERICA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>BRENDON KENNEDY, MAYUMI KENNEDY, UNITED POT SMOKERS, UPS420, THCPLANT, B & M Marketing, LLC and DOES 1-10,<br><br>Defendants. | Case No. 5:19-cv-00284-MWF-KK<br><br>**ORDER GRANTING STIPULATED CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

1

**ORDER**

The Court, having reviewed the parties' Stipulated Consent Judgment and Permanent Injunction ("Stipulated Consent Judgment"), and good cause appearing,

IT IS HEREBY ORDERED AND DECREED THAT:

1. Defendants, their officers, agents, servants, employees, attorneys, and all others in active concert or participation with them, jointly and severally, are HEREBY ENJOINED AND RESTRAINED FROM:

    (a) using in any way whatsoever, on or in connection with the manufacture, distribution, sale, offering for sale, advertisement, and/or promotion of any products or services, any copy or colorable imitation of the UPS® Family of Marks or anything confusingly similar thereto, including but not limited to UPS, UPS420, UPS.green and the UPS420 shield whether on their own websites (including, but not limited to, www.ups.green, www.ups420.com, www.unitedpotsmoker.com, www.upsthc.com, www.upsweed.com, www.og.life, www.report.green, and www.hollyweed.earth), on third-party websites (including, but not limited to, www.weedmaps.com, www.google.com, and www.yelp.com), through search engine optimization, or elsewhere;

    (b) representing directly or indirectly in any form or manner whatsoever, that Defendants' business, products or services are UPS's, or are in any manner associated with, sponsored, or approved by UPS or otherwise taking any action likely to cause confusion, mistake or deception on the part of purchasers as to the source, origin or sponsorship of Defendants' business, products or services;

    (c) taking any action, directly or indirectly, that is likely to dilute or tarnish the distinctive quality of the UPS® Family of Marks or that is

|   |   | likely to harm UPS's reputation; and |
|---|---|---|
|   | (d) | otherwise infringing UPS's trade name, trademarks or trade dress, or otherwise competing unfairly with UPS in any manner. |

2. Defendants, their successors, officers, parents, subsidiaries, affiliates, agents, assigns and employees, and anyone acting in concert with or at the behest or direction of Defendants, jointly and severally, shall, no later than July 15, 2019, transfer, convey and assign to UPS any and all right, title and interest they claim in and to any UPS mark or any similar mark throughout the world, together with (a) all internet domain names and uniform resource locators containing any variation on any UPS mark, including but not limited to UPS420.com, UPS.green, UnitedPotSmoker.com, UPSTHC.com, and UPSWEED.com; (b) all national and state registrations in any jurisdiction; (c) all national and state applications in any jurisdiction; (d) all common law rights related thereto; (e) all goodwill associated therewith; and (f) all benefits, privileges, causes of action and remedies relating to any of the foregoing, whether before or hereafter accrued, including, without limitation, the exclusive rights to apply for and maintain all such registrations, to sue for all past, present or future infringements or other violations of any rights in the assigned UPS marks, and to settle and retain proceeds from any such actions.

3. Defendants, their successors, officers, parents, subsidiaries, affiliates, agents, assigns and employees, and anyone acting in concert with or at the behest or direction of Defendants, jointly and severally, shall, no later than July 15, 2019, deliver to UPS, by and through its counsel of record in this matter, all physical UPS-related items, including UPS memorabilia, clothing, artwork, photographs, signage, displays, labels, bottles, or products.

4. Defendants, their successors, officers, parents, subsidiaries, affiliates, agents, assigns and employees, and anyone acting in concert with or at the behest or direction of Defendants, jointly and severally, shall, no later than July 15, 2019, provide to counsel for UPS a list, including names, addresses and telephone

numbers, of each of Defendants' independent contractors or representatives and/or their vendees and their direct customers to allow UPS to provide written notice of this action and this Stipulated Consent Judgment to such customers.

5. Defendants shall, no later than July 15, 2019, provide counsel for UPS with all available information in their possession regarding any other persons or entities that sell any items bearing any designs, slogans, labels, designations, logos, artwork or putative trademarks similar to the UPS® Family of Marks without UPS's consent.

6. All parties to this Stipulated Consent Judgment acknowledge that they have had the opportunity to consult with counsel of their own choosing regarding the terms of this Stipulated Consent Judgment.

7. Defendant Brendon Kennedy shall pay to UPS, through its counsel, the total sum of $20,000.00 pursuant to the following schedule:

    i. $2,000.00 no later than July 15, 2019;
    ii. $1,200.00 no later than October 15, 2019;
    iii. $1,200.00 no later than January 15, 2020;
    iv. $1,200.00 no later than April 15, 2020;
    v. $1,200.00 no later than July 15, 2020;
    vi. $1,500.00 no later than October 15, 2020; and
    vii. $1,500.00 no later than January 15, 2021.
    viii. $1,500.00 no later than April 15, 2021.
    ix. $1,500.00 no later than July 15, 2021.
    x. $1,800.00 no later than October 15, 2021.
    xi. $1,800 no later than January 15, 2021.
    xii. $1,800 no later than April 15, 2022.
    xiii. $1,800 no later than July 15, 2022.

With advanced notice and reasonable proof of financial hardship, Defendant Brendon Kennedy may request that no more than two of the foregoing payment due

dates be delayed by a period of no more than two months (the "Grace Period"). In the event any of the foregoing payments is not made in full by the date set forth above or within an applicable Grace Period, all remaining payments shall become due and enforceable immediately, and upon submission by UPS of a motion or *ex parte* application and declaration stating that any of the Settlement Payments have not been made in full and in a timely manner, the Parties agree that the Court shall, absent a showing at the hearing that the agreed-upon payment schedule had been met by Brendon Kennedy, enter judgment in favor of UPS and against Brendon Kennedy for the full amount of all remaining payments, plus pre- and post-judgment interest.

8. Within 30 days of the date on which this Stipulated Consent Judgment is entered, Defendants shall file with this Court and serve on UPS a sworn declaration, under penalty of perjury, setting forth in detail the manner and form in which Defendants have complied with the foregoing injunction.

9. This Stipulated Consent Judgment constitutes the final judgment in this action.

10. This Court shall retain jurisdiction over the parties and the subject matter of this action for the purpose of construing and enforcing this Stipulated Consent Judgment.

IT IS SO ORDERED.

Dated: July 2, 2019

By: _____
Hon. Michael W. Fitzgerald
United States District Judge